IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**<br><br>**v.**<br><br>**EDWARD CONSTANTIN,**<br>**PERRY MATLOCK,**<br>**THOMAS COOPERMAN,**<br>**GARY DEEL,**<br>**STEFAN HRVATIN,**<br>**TOM COOPERMAN,**<br>**DANIEL KNIGHT, and**<br>**JOHN RYBARCYZK,**<br><br>**Defendants.** | Case No. 4:22-CV-04306 |

**UNITED STATES' UNOPPOSED MOTION
TO INTERVENE AND STAY PROCEEDINGS**

The United States of America, by and through its undersigned counsel, respectfully moves to intervene in the above-referenced case to request a stay, pending the resolution of the parallel criminal case, *United States v. Constantinescu*, 22-cr-612 ("Criminal Case"). The U.S. Securities and Exchange Commission ("SEC") does not oppose this motion. Defendants do not oppose this motion. The Court should grant this motion for the following reasons.

1

## I.    BACKGROUND

On December 7, 2022, a grand jury in this District charged the Defendants with conspiracy to commit securities fraud in violation of 18 U.S.C. § 1349; various of the Defendants were charged with substantive counts of securities fraud in violation of 18 U.S.C. §§ 1348 & 2; and Defendant Edward Constantinescu a/k/a Constantin ("Constantin") was also charged with one count of engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957(a).  The United States is represented by the undersigned attorneys in the Criminal Case.

On December 13, 2022, the SEC filed a civil action against Defendants alleging they carried out a fraudulent scheme to enrich themselves by manipulating the prices of numerous securities through false and misleading statements and representations disseminated via social media. The SEC alleged that the Defendants' conduct violated the anti-fraud provisions of federal securities laws.

The charged conduct in the Criminal Case is substantially similar to the allegations in this case.  Both cases, for example, involve the Defendants' conduct as to the securities traded under the tickers of CEI, ALZN, TRCH, and ABVC.  Given this factual overlap, the United States respectfully submits that the potential witnesses and documentary evidence will be similar in both this case and the Criminal Case.  Staying this case until the resolution of the Criminal Case would therefore serve both the interests of justice and judicial economy for the below-cited reasons.

II.     **ARGUMENT**

    a.  **The Court should allow the United States to intervene in this case**

Rule 24(a) of the Federal Rules of Civil Procedure provides a right of intervention for a movant who: (1) "claims an interest relating to the . . . transaction that is the subject of the action;" and (2) "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a); *see, e.g., SEC v. Mutuals.com*, 2004 WL 1629929, at \*1-\*2 (N.D. Tex. July 20, 2004) (Fitzwater, J.) (holding that government had right under Rule 24(a)(2) to intervene in SEC enforcement action for purpose of attempting to stay civil discovery that potentially jeopardized criminal investigation of defendants). Despite those circumstances, the movant is not entitled to intervene if "existing parties adequately represent" the movant's interest.  *Id.*

Under Rule 24(b)(2), the Court in its discretion may permit intervention if the movant has "a claim . . . that shares with the main action a question of law or fact." Fed. R. Civ. P. 24(b)(2). In exercising its discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).  Because the Criminal Case relates to acts and transactions that are also the subject of this case, the United States "claims an interest relating to the . . . transaction that is the subject of" this civil action. Fed. R. Civ. P. 24(a). The United States has an interest in enforcing criminal laws that may have been violated by the same acts and transactions to which the civil action relates.

Also, the United States has "a claim . . . that shares with the main action a question of law or fact." Fed. R. Civ. P. 24(b). Criminal violations of the securities laws involve many elements of proof that are also part of this civil action, such as material misrepresentations and omissions as

to publicly traded securities. Therefore, the Criminal Case will likely share with this civil action both legal and factual issues.

Furthermore, the United States "is so situated that disposing of the action may as a practical matter impair or impede [its] ability to protect its interest." Fed. R. Civ. P. 24(a). Specifically, the United States has a "discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *See SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988); *Campbell v.* Eastland, 307 F.2d 478, 487 (5th Cir. 1962); *SEC v. Mutuals.com, Inc.,* 2004 WL 1629929 (N.D. Tex., July 20, 2004). "[T]his court recognizes the government's interest in preserving more limited discovery to ensure successful prosecution of the criminal case." *Mutuals.com, Inc.*, at *1.

Also, the United States' interest in enforcing criminal statutes cannot be protected adequately by the existing parties in the civil case. Despite the SEC's status as a governmental agency, the parties to this civil action cannot represent the United States' interest with respect to the enforcement of federal criminal statutes. *See Bureering v. Urawas*, 196 WL 277206 (C.D. Cal. January 8, 1996) (observing that "the Government's prosecutorial and investigative interest is not adequately protected by any of the civil parties . . . neither the plaintiff or the defendants have this identical interest").

Finally, intervention by the United States will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The Criminal Case has commenced with the return of the indictment and the arrest of the defendants, and trial is set for October 2023.  Given this setting, it is likely that the Criminal Case will be resolved this year and may obviate the need for further litigation in this case.

For the foregoing reasons, the United States respectfully moves to intervene in this matter for purposes of seeking a stay.

### b. The Court should stay this case pending the resolution of the Criminal Case

The Court should exercise its discretion to stay this case because doing so would further the interests of justice and judicial economy.

The Court has discretionary authority to stay this civil case, which derives from the power of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court also has "wide discretion to control the course of litigation, which includes the authority to control the scope and pace of discovery." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

Indeed, the Court "may stay a civil proceeding during the pendency of a parallel criminal proceeding. Such a stay contemplates 'special circumstances' and the need to avoid 'substantial and irreparable prejudice.'" *SEC v. Offill*, 2008 WL 958072 (N.D. Texas Apr. 9, 2008). Moreover, a court may stay civil proceedings "when the interests of justice seem[] to require such action." *SEC v. Dresser Indus., Inc.,* 628 F.2d 1368, 1375 (D.C. Cir. 1980) (quoting *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1969)); *see also Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986). Before granting a stay, a court must consider "the competing interests which will be affected by the granting or refusal to grant a stay." *CMAX, Inc.,* 300 F.2d at 268.

Allowing this case to proceed would circumvent discovery in the Criminal Case to the prejudice of the United States. In this case, the Defendants could seek access to discovery that would not otherwise be available in the Criminal Case. Barring a stay, Defendants could, for example, seek depositions of material witnesses, issue third-party subpoenas, and request

admissions and interrogatories.  Staying this case is therefore appropriate to ensure the orderly disposition of the Criminal Case in accordance with the Federal Rules of Criminal Procedure.

The United States' requested relief is consistent with the governing case law. The interests of justice generally weigh in favor of a stay due to the above-cited discovery concerns. *See, e.g.*, *SEC v. Dresser Indus., Inc.,* 628 F.2d 1368, 1375 (D.C. Cir.); *United States v. One 1964 Cadillac Coupe DeVille,* 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter").   In similar parallel proceedings, courts have found a stay to be "most appropriate where a party to a civil case has already been indicted for the same conduct[.]" *Offill*, 2008 WL958072 at *3; *see also United States v. United States Currency*, 626 F.2d 11, 17 (6th Cir. 1980); *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1089 (5th Cir. 1979).

Finally, judicial economy will also be served by allowing the Criminal Case to proceed and thereby resolve some of the disputed issues in this action. A prior criminal conviction will operate as an estoppel in a subsequent civil proceeding as to those issues that were determined in the criminal matter. *See, e.g., Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 568-69 (1951). Should the Criminal Case matter result in convictions of the defendants for securities fraud, for example, such convictions may facilitate the resolution of this case.  In this way, a stay in this case to allow for the efficient resolution of the Criminal Case would likely conserve judicial resources and litigation expenses.

III.    **CONCLUSION**

For the foregoing reasons, the Court should allow the United States to intervene in this case and stay proceedings in this case pending the resolution of the Criminal Case. A proposed order is attached.

Dated: January 20, 2023                                      Respectfully submitted,


GLENN S. LEON                                               ALAMDAR HAMDANI
Chief, Fraud Section                                        United States Attorney
Criminal Division, Department of Justice                     for the Southern District of Texas


By:    */s/ Scott Armstrong*                     By:    */s/ Heyward Carter*
       Scott Armstrong, Assistant Chief                 Thomas H. Carter
       John J. Liolos, Trial Attorney                   Assistant United States Attorney
       Fraud Section, Criminal Division                 State Bar Nos.:  TX24048387
       United States Department of Justice              1000 Louisiana Street, 25th Floor
       1400 New York Ave. NW                            Houston, Texas 77002
       Washington, DC 20005                             Tel.: (713) 567-9470
       Tel.: (202) 355-5704

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered by ECF to counsel of record for Defendants on January 20, 2023.

*/s/ Scott Armstrong*
Scott Armstrong
Assistant Chief
Criminal Division, Fraud Section
United States Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20530
(202) 355-5704
Scott.armstrong@usdoj.gov
